## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 11-07155 EAG |
| FRANCISCO EMMANUEL CORDERO RODRIGUEZ, | CHAPTER 13 |
| DEBTOR. | FILED & ENTERED ON 11/21/2014 |
| _____ | |

### OPINION AND ORDER

Pending before the court is a motion filed by the debtor at docket number 216 requesting reconsideration of the order at docket number 214. The order at docket number 214 denied an urgent motion filed by the debtor at docket number 212 for failure to provide, as required by PR Local Bankruptcy Rule 9013-2(a), a legal basis for the remedy requested. The urgent motion requested the turnover of property of the estate, damages for willful violation of the stay, and injunctive relief. Now in the motion for reconsideration, the debtor provides for the first time a legal basis for the relief requested in the urgent motion: section 105(a) of the Bankruptcy Code.

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure and allows the court to alter or amend a judgment. Under Rule 59(e), reconsideration "must be based upon newly discovered evidence or a manifest error of law or fact." Banco Bilbao Vizcaya Argentaria P.R. v. Vazquez (In re Vasquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012). The First Circuit has noted that there are four grounds to grant reconsideration: "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie

v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005).  "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted). "[A] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006).

Under section 105(a), "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).  "While quite broad, courts have recognized several limitations to the court's equitable powers. One such limitation is that Section 105(a) may not be invoked where the result would be inconsistent with any other provision of the Code." In re Cartonera Quebradillana, Inc., 2014 Bankr. LEXIS 1058 (Bankr. D.P.R. Mar. 17, 2014).  Likewise, section 105(a) cannot be used to circumvent the Federal Rules of Bankruptcy Procedure. Rule 7001(7) of the Federal Rules of Bankruptcy Procedure provides that an adversary proceeding must be filed in order to obtain injunctive or other equitable relief. As stated by the court in its prior order at docket number 214, the relief sought by the debtor can only be obtained through an adversary proceeding.  See, In re Residential Capital, LLC, 480 B.R. 529, 538 (Bankr. S.D.N.Y. 2012) ("The reason an adversary proceeding is required to obtain an injunction against a third-party is clear: While § 105(a) of the Bankruptcy Code allows a bankruptcy court to issue any order necessary to carry out the provisions of the Code, it 'does not provide an independent source of federal subject matter jurisdiction.")

2

Thus, as the debtor has not shown manifest error of law, newly discovered or previously unavailable evidence, manifest injustice, or an intervening change in controlling law that warrants reconsideration, the motion for reconsideration at docket number 216 is denied.

SO ORDERED.

In Ponce, Puerto Rico, this 21st day of November, 2014.

Edward A. Godoy
U.S. Bankruptcy Judge

3